PER CURIAM.
This is an original action filed herein by Theodore R. Awbrey as relator for a writ of prohibition against The Honorable Emery Newell, Judge of the Juvenile and Domestic Relations Court for Palm Beach County, Florida. From the suggestion filed by relator it appears that Judge Newell entered an order directing him to pay Sammie Jean Awbrey (Tyson) accrued child support in the amount of $10,920.00. By subsequent proceedings, Sammie Jean Awbrey (Tyson) secured a writ of garnishment from the Juvenile and Domestic Relations Court on 15 April 1971 directed to Southern Bell Telephone and Telegraph Company. Following the issuance of the writ, Judge Newell entered a final judgment in garnishment on 28 June 1971. The final judgment recites that Southern Bell owed Theodore R. Awbrey $30,000.00 and directed Southern Bell to pay the amount of the support arrearages to Sammie Jean Awbrey (Tyson) who has been permitted by this court to intervene in these proceedings. On the basis of the suggestion we entered a Rule Nisi to which no response has been filed.
The issue is whether or not the Juvenile and Domestic Relations Court for Palm Beach County had jurisdiction to issue a writ of garnishment. The controlling statute with respect to jurisdiction in this matter is Chapter 65-707, Laws of Florida, 1965, and specifically subsections (3) and (4) of Section 9 of that statute.* We have carefully considered those provisions. In our opinion they do not authorize the issuance of a writ of garnishment. We base our conclusion on the language of the aforesaid sections as construed in conjunction with the provisions of the general law relating to garnishment, to-wit, Section 77.01 et seq., F.S.1969, F.S.A., and particularly Section 77.08 thereof.
For the foregoing reasons a writ of prohibition shall issue from this court prohibiting enforcement by the respondent of the aforesaid final judgment in garnishment.
REED, C. J., WALDEN, J., and MORROW, RUSSELL O., Associate Judge, concur.

 The intervenor has cited to the court a general statute dealing with jurisdiction, Ch. 19597, Laws of Florida, 1939.. In our opinion this statute has been superseded by Ch. 65-707, Laws of Florida, 1965, insofar as the former relates to jurisdiction of the Juvenile and Domestic Relations Court of Palm Beach County. See specifically Section 6 of Ch. 65-707.