McCAIN, Justice.
In this certiorari proceeding, we have for review the following decision of the District Court of Appeal, Fourth District, reported at 260 So.2d 281:

“Per Curiam.

“This is an original action filed herein by Theodore R. Awbrey as relator for a writ of prohibition against The Honorable Emery Newell, Judge of the Juvenile and Domestic Relations Court for Palm Beach County, Florida. From the suggestion filed by relator it appears that Judge Newell entered an order directing him to pay Sammie Jean Awbrey (Tyson) accrued child support in the amount of $10,920.00. By subsequent proceedings, Sammie Jean Awbrey (Tyson) secured a writ of garnishment from the Juvenile and Domestic Relations Court on 15 April 1971 directed to Southern Bell Telephone and Telegraph Company. Following the issuance of the writ, Judge Newell entered a final judgment in garnishment on 28 June 1971. The final judgment recites that Southern Bell owed Theodore R. Awbrey $30,000.00 and directed Southern Bell to pay the amount *19 of the support arrearages to Sammie Jean Awbrey (Tyson) who has been permitted by this Court to intervene in these proceedings. On the basis of the suggestion we entered a Rule Nisi to which no response has been filed.
“The issue is whether or not the Juvenile and Domestic Relations Court for Palm Beach County had jurisdiction to issue a writ of garnishment. The controlling statute with respect to jurisdiction in this matter is Chapter 65-707, Laws of Florida, 1965, and specifically subsections (3) and (4) of Section 9 of that statute.* We have carefully considered those provisions. In our opinion they do not authorize the issuance of a writ of garnishment. We base our conclusion on the language of the aforesaid sections as construed in conjunction with the provisions of the general law relating to garnishment, to-wit, Section 77.01 et seq., F.S.1969, F.S.A., and particularly Section 77.08 thereof.
“For the foregoing reasons a writ of prohibition shall issue from this court prohibiting enforcement by the respondent of the aforesaid final judgment in garnishment.”
Initially, we allowed certiorari in this cause because in our view the quoted decision affected a class of constitutional or state officers, i. e. the class of Juvenile Judges of Palm Beach County. Now, however, the Juvenile and Domestic Relations Court of Palm Beach County has been abolished by adoption of Fla.Const., Article V (1973), F.S.A. Thus, the class of officers affected by the decision no longer exists. In our judgment, this divests this Court of its jurisdiction over the cause and requires that the writ of certio-rari heretofore issued be discharged.
Accordingly, the writ of certiorari is discharged as moot without prejudice to Sammie Jean Awbrey (Tyson) to seek to secure a writ of garnishment from the Circuit Court of Palm Beach County, the court now having jurisdiction over the cause, provided the circumstances of the case warrant such relief.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN and DEKLE, JJ., concur.

 The intervenor has cited to the court a general statute dealing with jurisdiction, Ch. 19597, Laws of Florida, 1939. In our opinion this statute has been superseded by Ch. 65-707, Laws of Florida, 1965, insofar as the former relates to jurisdiction of the Juvenile and Domestic Relations Court of Palm Beach County. See specifically Section 6 of Ch. 65-707.